United States District Court
Central District of Illinois

**Demetrius Nichols,**
           **Plaintiff,**

           vs.                        06-1074

**Illinois Department of Corrections, et al.,**
           **Defendants.**

### MERIT REVIEW ORDER

     Before the court is the plaintiff, Demetrius Nichols' complaint brought pursuant to 42 U. S. C. Section 1983 against defendants, Illinois Department of Corrections, Warden of Pontiac Correctional Center and S. Smith, a counselor at Pontiac Correctional Center.

### Standard

     The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

     Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

     The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty*

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Allegations

The plaintiff alleges that on December 28, 2005, he was confined in the disciplinary segregation unit of Stateville Correctional Center.  On January 19, 2006, he was transferred to Pontiac Correctional Center "with thirty days of segregation that was to be completed within thirty days."  The plaintiff alleges that he completed the thirty days of segregation.  He advises the court that the Illinois Administrative Code provides that a copy of the disciplinary report and adjustment committee summary shall be forwarded to the chief administrative officer for review and approval and a copy shall be filed in the offender's record and the offender shall be given a copy of the adjustment committee summary.  The plaintiff alleges that he has "attempted to resolve these matters" through the grievance procedures by making Illinois Department of Corrections in Springfield aware of this situation.  The plaintiff writes in incomplete sentences, naming positions, but makes those allegations against those holding those position and his complaint is very vague.  However, having reviewed his complaint, it appears that he is complaining that he was held in segregation beyond the thirty days and as a result, he has not been able to maintain contact with his family and can't have certain items.

### Conclusion

Disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997).  Deprivations that do not amount to "atypical and significant" hardships in prison life do not implicate the due process clause.  *Sandin v. Conner*, 515 U.S. 472 (1995).  Grade demotion, transfers, loss of contact visits and segregation are not considered "atypical and significant hardships" in prison life.  See *Overton v. Bazzetta*, 123 S.Ct. 2162, 2170 (2003)(2-year restrictions on visits constitutional); *Sandin v. Conner*, 515 U.S. 472 (1995)(disciplinary segregation does not violate due process clause).  Nor is the denial of the plaintiff's "items" atypical.  As the plaintiff has failed to state a claim upon which relief may be granted, his entire complaint is dismissed pursuant to 28 U.S.C. §1915A(b) and Fed. R. Civ. Pro.

Rule 12(b)(6).

**It is therefore ordered:**

1. **As the plaintiff has failed to state a claim upon which relief may be granted, his entire complaint is dismissed pursuant to 28 U.S.C. §1915A(b) and Fed. R. Civ. Pro. Rule 12(b)(6).**
2. **The clerk of the court is directed to terminate the plaintiff's entire complaint forthwith. Further, any remaining matters are rendered moot.**
3. **Because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three strikes log.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g). The plaintiff is advised that the appellate filing fee is currently $455.00.**

**Enter this 5th day of September 2006.**

/s Harold A. Baker
_____
**Harold A. Baker**
**United States District Judge**